IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 28, 2000 Session

## MICKEY BRENT BILLINGSLEY v. DIANE BROWN BILLINGSLEY

**Direct Appeal from the Chancery Court for Obion County**
**No. 16,466    William Michael Maloan, Chancellor**

**No. W1999-00338-COA-R3-CV - Filed October 9, 2000**

This case concerns a husband's efforts to terminate his obligation to pay his ex-wife $216.67 per month in alimony *in futuro* because of the post-divorce increase in his former wife's income. The trial court denied the husband's petition, finding that there had not been a change in circumstances sufficient to warrant the termination of the spousal support obligation. We affirm.

**Tenn. R. App. P. 3 Appeal As of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Richard L. Dunlap, III, Paris, Tennessee, for the appellant, Mickey Brent Billingsley.

Steve Conley, Union City, Tennessee, for the appellee, Diane Brown Billingsley.

**OPINION**

On June 12, 1992, Mickey Brent Billingsley (Mr. Billingsley) and Diane Billingsley (Ms. Billingsley) were divorced. The parties had two children, and the trial court awarded custody to Ms. Billingsley. As part of the final judgment of divorce, the court ordered Mr. Billingsley to pay Ms. Billingsley $50.00 per week ($216.67 per month) as alimony *in futuro* based upon the disparity in the earning capacities of the parties, Ms. Billingsley's need, and Mr. Billingsley's ability to pay. Additionally, the court awarded the parties' home, with $22,000.00 of equity therein, to Ms. Billingsley as alimony *in solido*.

At the time of the divorce in 1992, Ms. Billingsley was employed at Michelson's Jewelers and earned $9,618.00 per year. Her house payments were $546.03 per month. After the divorce, Ms. Billingsley was laid off from her job. She refinanced her home for the first time on May 28, 1993, incurring debt of $55,385.20. On February 2, 1998, Ms. Billingsley refinanced her home for a second time, increasing the debt to $68,000.00. Ms. Billingsley filed for bankruptcy, and in June of 1999, she lost her home to foreclosure. Ms. Billingsley is currently employed by the Doctor's Clinic

in Union City, Tennessee, and earns $7.75 per hour. Including child support payments and alimony, Ms. Billingsley earns a total of $2,184.00 per month. Her monthly expenses total $2,848.00.

Since the divorce, Mr. Billingsley has remarried, and he and his wife have a combined monthly income of $5,028.57, with Mr. Billingsley contributing approximately $2,510.70 to that total. Their monthly expenses are $4,870.32. After the divorce, Mr. Billingsley purchased real estate valued at $70,700.00, a 1997 Ford Expedition, a jet ski, a pontoon boat, and had a swimming pool built behind his home. Additionally, Mr. Billingsley's wife's niece currently resides with him and his wife. Mr. Billingsley receives no support payments for his wife's niece.

On January 15, 1999, Mr. Billingsley filed a petition requesting the termination of his alimony obligation, asserting in support of his motion that Ms. Billingsley's income had risen to a level such that Mr. Billingsley should no longer be required to pay alimony *in futuro*. A hearing on Mr. Billingsley's petition to terminate alimony, along with other issues raised by the parties, was held on September 1, 1999. The court denied Mr. Billingsley's petition to terminate alimony, finding that the financial situation of the parties really had not changed since the divorce, that Ms. Billingsley was still in need of support, and that Mr. Billingsley was still limited in his ability to pay alimony. Specifically, the court found that there had been changes in circumstances, but none were significant enough to warrant a modification of the alimony award. The sole issue raised by Mr. Billingsley on appeal is whether the trial court erred in denying Mr. Billingsley's petition to terminate alimony.

Because spousal support decisions are factual in nature and involve a balancing of factors, including those in section 36-5-101(d) of the Tennessee Code, this court must review the trial court's decision *de novo* with a presumption of correctness unless the evidence preponderates otherwise. *See* Tenn. R. App. P. 13(d) (1999); *Cranford v. Cranford*, 772 S.W.2d 48, 50 (Tenn. Ct. App. 1989); *Luna v. Luna*, 718 S.W.2d 673, 675 (Tenn. Ct. App. 1986). Appellate courts give wide latitude to a trial court's decision regarding alimony awards. *See Cranford*, 772 S.W.2d at 50.

According to section 36-5-101(a)(1) of the Tennessee Code, a court can modify a support award only if there have been substantial and material changes in circumstances. A "substantial and material change" has been defined to mean that the change in circumstance was unforeseeable at the time of the divorce decree and that the change affected the recipient spouse's need or the payor spouse's ability to pay. *See Sannella v. Sannella*, 993 S.W.2d 73, 76 (Tenn. Ct. App. 1999); *McCarty v. McCarty*, 863 S.W.2d 716, 719 (Tenn. Ct. App. 1992); *Bowman v. Bowman*, 836 S.W.2d 563, 568 (Tenn. Ct. App. 1991); *Elliot v. Elliot*, 825 S.W.2d 87, 90 (Tenn. Ct. App. 1991). The burden of proving a substantial and material change in circumstance lies with the party seeking the modification, but a showing of an increase in income of the recipient spouse alone is not enough to warrant modification or termination of the support award. *See Sannella*, 993 S.W.2d at 76; *Brewer v. Brewer*, 869 S.W.2d 928, 935 (Tenn. Ct. App. 1993); *McCarty*, 836 S.W.2d at 720; *Norvell v. Norvell*, 805 S.W.2d 772, 774, 775 (Tenn. Ct. App. 1990). Furthermore, the payor spouse's requirement to pay alimony cannot be terminated merely because the payor spouse

voluntarily assumed other financial obligations. *See Elliot*, 825 S.W.2d at 91; *Jones v. Jones*, 784 S.W.2d 349, 353 (Tenn. Ct. App. 1989).

Mr. Billingsley asserted as the basis for his petition to terminate alimony *in futuro* that Ms. Billingsley is gainfully employed and earns an income at such a level that he should not be required to pay alimony. It can thus be inferred from Mr. Billingsley's petition that he is alleging that Ms. Billingsley's increase in income is a substantial and material change in circumstance which warrants the modification of his alimony obligation. The record supports Mr. Billingsley's assertion that Ms. Billingsley is currently gainfully employed and is earning more in salary now than she did at the time of divorce. It is, however, not unforeseeable that Ms. Billingsley would have to find a job paying her more than $9,618.00 per year in order to support herself and her two teenaged children after the divorce. Case law is clear that the dependent spouse's increase in post-divorce income alone is not enough to qualify as a substantial and material change in circumstance. *See Sannella*, 993 S.W.2d at 76; *McCarty*, 863 S.W.2d at 720; *Norvell*, 805 S.W.2d at 775. Furthermore, the trial court found that the parties' financial situation had not changed a great deal since the divorce and that, although there were changes in circumstances, none were significant enough to warrant a modification of the award of alimony *in futuro*. We agree with the trial court that Mr. Billingsley has not shown a substantial and material change in circumstances sufficient to justify terminating his alimony obligation. Therefore, for the foregoing reasons, we affirm the trial court's denial of Mr. Billingsley's petition to terminate alimony *in futuro*.

Ms. Billingsley requests this court to award her attorney's fees necessitated by this appeal. In support of her request, Ms. Billingsley cites section 36-5-103(c) of the Tennessee Code as authority for this court to award her the attorney's fees she incurred on this appeal. Section 36-5-103(c) states in relevant part that "[t]he *plaintiff* spouse may recover from the *defendant* spouse . . . reasonable attorney fees incurred in *enforcing* any decree for alimony . . . both upon the original divorce hearing and at any subsequent hearing . . . ." Tenn. Code Ann. § 36-5-103(c) (Supp. 1999) (emphasis added). Ms. Billingsley is neither the *plaintiff* spouse nor is she *enforcing* a decree for alimony. Rather, Ms. Billingsley is defending the alimony award granted her in the trial court. *See generally Glanton v. Glanton*, No. 01-A-01-9601-PB00013, 1996 WL 502136, at **3 ("Notably, the statute does not state that a *defendant* spouse may recover from a *plaintiff spouse*.") (emphasis in original). Additionally, attorney's fees per section 36-5-103(c) of the Tennessee Code are primarily awarded to facilitate a child's access to the courts. *See Sherrod v. Wix*, 849 S.W.2d 780 (Tenn. Ct. App. 1992). Because Ms. Billingsley does not fit the requirements of the Code, we find that section 36-5-103(c) does not provide a statutory basis for awarding Ms. Billingsley her attorney's fees on appeal.

Ordinarily, a party cannot collect his attorney's fees from his adversary absent either (1) a statute or rule of court or (2) a contractual provision between the parties. Because Ms. Billingsley does not meet the requirements of the statute providing for attorneys' fees and because no contractual provision regarding payment of attorney's fees exists between Mr. Billingsley and Ms. Billingsley, we find that Ms. Billingsley is not entitled to an award of attorney's fees on appeal.

Based on the foregoing, we affirm the trial court's denial of Mr. Billingsley's petition to terminate alimony *in futuro*. Additionally, we deny Ms. Billingsley's request for her attorney's fees on appeal. The costs of this appeal are taxed to the appellant, Mickey Brent Billingsley, and his surety, for which execution may issue if necessary.

 

_____
DAVID R. FARMER, JUDGE