**Richard Kimball JONES,
Plaintiff-Appellant,**

v.

**Avis Atchley JONES,
Defendant-Appellee.**

Court of Appeals of Tennessee,
Eastern Section, at Knoxville.

May 20, 1983.

Permission to Appeal Denied by
Supreme Court Aug. 29, 1983.

Phillip C. Lawrence, Bean, Poole, Lawrence & Thornbury, Chattanooga, for plaintiff-appellant.

Marvin Berke, Berke, Berke & Berke, Chattanooga, for defendant-appellee.

MATHERNE, Special Judge.

The issue is whether the chancellor erred in ordering an increase in the amount of monthly alimony payments by the ex-husband to the ex-wife. The ex-husband argues that the record fails to establish such change in circumstances as would justify the increase as awarded.

In 1980 the husband filed for divorce, which complaint was answered by the wife coupled with a cross-complaint for an absolute divorce, alimony and custody of the minor child of the parties. After a trial the chancellor granted an absolute divorce to the wife, gave her custody of the minor child, granted her a monthly child support award of $850.00 and a monthly alimony award of $750.00. The court also made certain awards in solido to the wife which included the home of the parties subject to an indebtedness thereon. The court further ordered the husband to pay the tuition of the child to Girl's Preparatory School or to a "comparable school or a school comparable in cost."

In July 1981, the husband filed a petition in the cause seeking custody of the minor child, which petition was dismissed. In June 1982, the husband filed the present petition for change of custody. The wife answered, and by counter claim averred that in the event custody be awarded the father, she would need an increase in the amount of alimony received by her because of the change of circumstances and the reduction of income. A hearing was had on October 25, 1982. The record reveals that the minor child, then 14 years of age, would visit her father at his home which bordered a lake where she enjoyed water sports. It appears that the daughter did not like the Girl's Preparatory School and the mother enrolled her in Senter School, which is a private school. The father claims that through no inducement on his part the daughter wants to live with him and attend a public school. The mother argues that the father has encouraged the daughter to live with him, which argument may find some support in the conduct of the father, including the gift of a fur coat to the 14-year-old child. The father did not return the child to the mother at the end of the summer visitation period with him, but enrolled her in a public school for the next school term and filed this petition for change of custody.

The chancellor held a conference with the child in chambers, which conference is not a part of the record before this court. After the conference with the child, the chancellor announced in open court that the child "expressed a desire to live with her father and to visit with her mother." Based upon all the evidence, the chancellor changed the custody to the father, terminated the $850.00 child support payments and increased the amount of alimony payable to the mother from $750.00 to $1250.00 per month. No appeal is taken from the change of custody order. The only issue raised on appeal is the increase in the monthly alimony award.

■ By statute, a court "may decree an increase or a decrease of such allowance [monthly alimony award] on cause being shown." T.C.A. § 36–820. Basically, the rule adopted by the courts is that such change in circumstances must be shown to have occurred since the original award as would justify a decrease or increase in the amount of the award. *Osborne v. Osborne,* (1946) 29 Tenn.App. 463, 197 S.W.2d 234. *"The equities of the present situation* must be developed and shown to justify an alteration of the terms of the previous decree." *Perry v. Perry,* (1946), 183 Tenn. 362, 192 S.W.2d 830. (Emphasis added.)

The wife testified that she was earning about $640.00 per month at a temporary job which would terminate in December 1982. She stated that the mortgage payments on the home were $401.00 per month and that during the winter her utility bill was about $300.00 per month. She presented proof that the payments of alimony received resulted in her having to pay $50.00 more per month income tax. She exhibited an itemized list of expenses which totalled about $2,000.00 per month. Some of the items listed probably could be reduced in amount by the exercise of a bit of frugality on her part. However, the record satisfies this court, as it apparently satisfied the chancellor, that an award of $750.00 per month alimony would not, under the circumstances of the parties and the needs of the wife, meet the needs of the wife.

The husband presented no figures or supporting proof, but merely testified that he

was now making $60,000.00 per year, whereas he was making $70,000.00 at the time of the original decree. The record reveals that the husband proved an income of nearer $57,000.00 at the time of the divorce. The husband stated that his lower income of $60,000.00 was the result of the recession which lowered the amount he received on commissions. The husband does not present proof that he is unable to pay the increased alimony award, he merely takes the view that he does not want to pay it. The facts do establish that the husband is now relieved of the $850.00 monthly child support payment, and he is also relieved from the payment of tuition to a private school.

The husband argues that the discontinuance of the $850.00 monthly child support award should not be considered because he is now supporting the child. He also insists that because the awards were separate, one for child support and one for alimony, the child support award was not intended for the benefit of the wife and upon a change in child custody the alimony award cannot be increased. He reasons that it is only where an award is made for the benefit of both the wife and the child that a court can adjust the award upon the change of the custody of the child. We disagree with these arguments.

We have not been cited, and we fail to find, a reported Tennessee decision on this issue. The same chancellor heard the divorce proceeding, the first petition for change of custody, and the present petition for change of custody, coupled with the counter-claim of the wife for an increase in alimony should child custody be changed. In the present proceeding the chancellor expressly ruled that it was not contemplated by the court at the time of the original decree or in the present proceeding that the wife be required to use the lump sum alimony award to support herself. The chancellor stated that the lump sum award was an attempt to balance the value of the property the husband received at the time of the divorce as against the property that the wife received. The chancellor held that the elimination of the child support award and the discontinuance of private school tuition constituted such change in circumstances as to justify the increase in the amount of alimony. We agree with the chancellor.

It is not shown in the record, but it is apparent that the child support award was made with the clear understanding by the chancellor that the wife would have all expenses of home mortgage payments, repair, maintenance, utility bills and all that goes with the upkeep of a house. Under the record, the $750.00 award as alimony could not be considered as meeting the needs of the wife. We do not know how the chancellor reached the amounts of the separate awards originally, but this record clearly establishes that he did not intend for the wife to use her lump sum award for support, and that $750.00 monthly was not sufficient to meet her needs. "The equities of the present situation" require an increase in the amount of alimony award to the wife. Under the facts, we affirm the increase of the alimony award from $750.00 to $1250.00 monthly.

The husband objects to the award of $550.00 attorney's fee to the wife. This is a matter which rests in the discretion of the trial court. T.C.A. § 36–822. We fail to find an abuse of that discretion, and we affirm that award.

The judgment of the chancellor is in all things affirmed, and this cause is remanded to the trial court for the enforcement of that judgment. The cost in this cause is adjudged against the appellant for which execution may issue, if necessary.

PARROTT, P.J., and GODDARD, J., concur.