**Constance Carola Cowley ELLIOT, Plaintiff/Appellee,**

v.

**Russell ELLIOT, Defendant/Appellant.**

Court of Appeals of Tennessee, Western Section, at Jackson.

June 12, 1991.

Permission to Appeal Denied by Supreme Court Jan. 6, 1992.

James F. Arthur, III, Germantown, for defendant, appellant.

James D. Causey, Memphis, for plaintiff, appellee.

HIGHERS, Judge.

Six years after the parties' divorce in 1983 the husband, Russell Elliot, filed a petition for a modification of the final decree of divorce in the Circuit Court at Shelby County. In its order the trial court dismissed the husband's petition and awarded $3,731.55 in attorney fees and expenses to the wife, Constance Carola Cowley Elliot. In his appeal from this order, the husband asserts four instances of a material change in circumstances and op-

poses the order to pay the wife's attorney fees and expenses.

The parties had been married sixteen years when the wife was granted a divorce on the grounds of irreconcilable differences. They have two children, the youngest of whom reached the age of 19 on August 2, 1990. The parties signed a Separation Agreement and Property Settlement (the Agreement) on July 1, 1983. The Agreement was approved in its entirety by the court and incorporated by reference in the final decree of divorce. The final decree of divorce was modified regarding the division of equity after the sale of the marital residence. No other modifications have been made.

The Agreement signed by the parties provides for both alimony and child support. The Agreement states that the wife shall have exclusive custody of the two minor children of the parties, although the husband may claim both children as Federal Income Tax exemptions. The husband agreed to pay the wife $2,500 per month as alimony until the oldest child reached age 19 at which time alimony would be reduced to $2,250 per month. Once the youngest child reached 19 years of age, the husband agreed to pay $2,000 per month in alimony until the wife remarried or died. The husband agreed to pay $200 per month in child support until the youngest child reached 19 years of age. In addition, the husband agreed to pay $1,020 every March 31 as child support until the youngest child reached 19. If the wife had not remarried by the time the youngest child reached age 19, then the husband agreed that payment of the $1,020 would be payable to the wife each March 31 thereafter as additional alimony. Although it is not stated in the Agreement, the husband testified that the payment of $1,020 each March 31 was a consequence of the fact that the wife would be paying Federal Income Tax on money paid to her by the husband. The payment of $1,020 was to help the wife to pay such income tax. The husband also agreed to maintain health and medical insurance for the children and to pay for their private school education through college.

At the time of the divorce the husband was earning approximately $96,000 annually and at the time of the hearing on the petition to modify the husband was earning a salary of approximately $114,000 annually, an increase of $18,000. The husband testified that his annual net income including annual bonus, is currently $132,000. Since the time of the divorce the wife has become gainfully employed outside the home.

The husband filed the most recent petition for modification of the final decree for divorce on October 3, 1989, approximately six years after the divorce was granted. The petition was referred to the Divorce Referee of Shelby County who reduced the alimony to $500 per month, relieved the husband of the $1,020 payments for the wife's income taxes and ordered that the child support remain in effect. Neither the wife nor her counsel were present at the hearing on the petition. The wife appealed the referee's order to the Circuit Court at Shelby County. After a hearing, the trial court dismissed the husband's petition for modification and ordered the husband to pay the wife's attorney fees and expenses. The husband appeals alleging that the following four instances of a material change in circumstances warrant a decrease in alimony:

1) The wife's needs have decreased because the children are now in college and are no longer residing with her;

2) The wife is gainfully employed;

3) There have been significant changes in the Federal Income Tax laws; and

4) The husband's needs have increased because he is being involuntarily transferred by his employer to New Jersey.

The husband also asserts that he should not be liable for the wife's attorney fees and expenses. For the reasons hereafter stated, we affirm.

### I. Modification in Alimony

T.C.A. § 36–5–101, which provides for the support of a spouse and children, states that "on application of either party, the

court may decree an increase or decrease of such allowance only upon a showing of a *substantial and material* change of circumstances." (emphasis supplied) T.C.A. § 36–5–101(a)(1). This language is mirrored in part in paragraph 19 subsection 3 of the Agreement which states that upon a change of circumstances either party may petition the court for relief from or modification of the Agreement. The husband presents four grounds which he asserts taken separately or in combination constitute a material change in circumstances. Our review of the findings of fact of the trial court is *de novo* upon the record with a presumption of the correctness of those findings unless the preponderance of the evidence is otherwise. T.R.A.P. 13(d).

### A. Decrease in Needs of Wife

The husband asserts that a modification in alimony is proper because the Agreement states that "wife acknowledges that husband is paying alimony to support both wife and the minor children of the parties...." The children have grown up and gone to college. The husband is paying for the children's college expenses and therefore, the wife's needs have decreased because she is no longer financially liable for the children. The Agreement provides for a $250 decrease in alimony upon each child's nineteenth birthday such that $2,500 per month in alimony becomes $2,000 per month when the youngest child reaches age nineteen. The husband argues that although the children's attainment of age nineteen was in the contemplation of the parties, the children's cessation of any dependency on the wife was not contemplated by the parties. The husband puts forth no proof that the parties expected the children to remain dependent on the wife after their nineteenth birthdays. The Agreement provides that the husband would pay the college expenses of the children including the cost of the children's dormitory room and board. The fact that the Agreement provides both that the husband will pay for the children's dormitory room and board in college and that the amount of alimony will be reduced upon each child's nineteenth birthday indicate that the parties' expecta-

tion was that the needs of the wife would decrease after the children reached age nineteen.

■■■ The party seeking relief on the grounds of changed circumstances has the burden of proving the changed circumstances justifying an increase or decrease in the amount of the alimony award. *Azbill v. Azbill*, 661 S.W.2d 682 (Tenn.App. 1983). The change in circumstances must be shown to have occurred after the entry of the divorce decree, and must not have been foreseeable at the time the decree was entered into. *Jones v. Jones*, 659 S.W.2d 23 (Tenn.App.1983). Changes in circumstances are not material if such changes were in the contemplation of the parties at the time they entered into the Support and Alimony Agreement. *Hicks v. Hicks*, 26 Tenn.App. 641, 176 S.W.2d 371 (1943). We find that the evidence indicates that the parties' expectation was that the needs of the wife would decrease after the children reached age nineteen. The preponderance of the evidence supports this finding and therefor the fact that the children have moved out of the wife's home is not a material change of circumstances.

### B. Wife's Post–Divorce Full– Time Employment

■■■ The husband asserts that because the alimony award was sufficient to permit the wife to continue the standard of living which she enjoyed during marriage, her income from post-divorce employment is a material change in circumstances which merits a modification in alimony.

In *Duncan v. Duncan*, 686 S.W.2d 568 (Tenn.App.1984), the court stated:

> § 36–5–101 requires that an amount of income be ascertained which will provide for the wife to live in the manner to which she became accustomed during the marriage. From this amount should be subtracted her reasonably anticipated income from her own endeavors and from her property.... The result of the subtraction will be the amount by which the Husband is obligated to supplement the

income of his wife to the extent of his ability....

*Id.* at 572. At the time of the divorce, the husband's salary was $96,000. The wife currently receives $25,020 per year in alimony ($2,000 each month and $1,020 each March 31) before taxes. It is implausible that this alimony award is sufficient for the wife to live in the manner to which she became accustomed during the marriage. The fact that the wife has obtained gainful employment after the divorce is not in itself a material change in circumstances warranting a reduction in alimony. *See Threadgill v. Threadgill,* 740 S.W.2d 419 (Tenn.App.1987) (periodic alimony not reduced where wife was unemployed at time of alimony award and was earning $19,000 per year at time of hearing of modification of alimony); *Dodd v. Dodd,* 737 S.W.2d 286 (Tenn.App.1987) (periodic alimony was not reduced where wife completed her training as a registered nurse after the divorce and was employed). The husband has not introduced any evidence beyond his own testimony to demonstrate that, at the time that the parties entered into the Agreement, they did not anticipate that the wife would ever become gainfully employed.

The record indicates that the parties enjoyed a relatively high standard of living during their marriage and there is no evidence presented to indicate that the wife is now able to enjoy a higher standard of living based on her alimony combined with the earnings from her post-divorce employment. The preponderance of the evidence supports the trial court's finding that the wife's post-divorce employment is not a material change warranting a modification in alimony.

#### C. Changes in Federal Income Tax Laws

The husband asserts that because the Federal Income Tax laws which were in effect when the decree was entered into are a material consideration in the formulation of the payments in the Agreement, the subsequent changes in the tax laws ought to be considered a material change in circumstances.

■ It has been held that for the court to make any modification in alimony there must be a showing of a substantial and material change of relevant permanent circumstances since the divorce decree was granted. *Richardson v. Richardson,* 598 S.W.2d 791 (Tenn.App.1980). Furthermore, to be material, the change in circumstances must be shown to have been unforeseeable at the time the decree was entered. *Jones v. Jones,* 659 S.W.2d 23 (Tenn.App.1983). We take notice of the fact that tax consequences are usually considered in the drafting of any Property Settlement and Support Agreement as they were in this Agreement. The husband himself states that the tax laws have changed numerous times since he went into business thirty-two years ago. Thus, it must have been foreseeable that the tax laws would change after the decree was entered. Federal Income Tax Laws change to some degree annually and therefore the fact that the tax laws will change is readily foreseeable although the exact manner in which they will change is not foreseeable. We do not find that the changes in the tax laws since 1983 are a material change in circumstances.

#### D. Increase in Needs of Husband

The final change in circumstances presented by the husband is the fact that he is being involuntarily transferred by his employer to New Jersey where the cost of living is higher than in Memphis.

■ The two most important factors in the award of alimony are need and ability to pay. *Lancaster v. Lancaster,* 671 S.W.2d 501 (Tenn.App.1984). The husband asserts that his ability to pay is diminished by the involuntary move to New Jersey where his financial needs will increase. However, the husband put forth no evidence showing that he will be unable to pay the alimony for which he is liable according to the Agreement. His net income is $132,000 per year. When he entered into the Agreement, his annual salary was $96,000. The voluntary assumption of an obligation does not constitute a change in circumstances. *Jones v. Jones,* 784 S.W.2d 349 (Tenn.App.1989). The voluntary assump-

tion of obligations may include buying a house after the divorce or a subsequent marriage or moving to another state. The husband asserts that the overall cost of living is approximately 20% higher in New Jersey than in Memphis. However, from the evidence in the record, the husband's annual income between the time when he entered into the Agreement and the present has increased over 37%. In short, the husband has not shown that he does not have the ability to pay the $25,020 per year in alimony for which he is liable. The evidence preponderates in favor of the trial court's finding that the husband's increased needs do not constitute a material change in circumstances. Thus, the husband has not demonstrated a material change in circumstances warranting a decrease in alimony and we affirm the trial court's dismissal of the husband's petition.

II. Attorney Fees and Expenses

The husband argues that he should not be liable for the wife's attorney fees and expenses of $3,731.55. The trial court is vested with wide discretion in the allowance of attorney fees and expenses and this Court will not interfere except upon a showing of the abuse of that discretion. *Threadgill v. Threadgill,* 740 S.W.2d 419 (Tenn.App.1987). The husband asserts that the trial court abused its discretion by granting the award based on a mere "request." We find that the request was proper. It was the husband who brought this litigation forcing the wife to seek counsel. We find that the trial court did not abuse its discretion and we affirm the trial court's award of attorney fees and expenses to the wife.

We affirm the trial court on all issues. Costs are taxed to the husband.

TOMLIN, P.J. (W.S.) and McLEMORE, Special Judge, concur.