IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

July 31, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

EVELYN N. KEISLER,                          ) C/A NO. 03A01-9704-CH-00119
                                            )
        Plaintiff-Appellee,                 ) KNOX CHANCERY
                                            )
v.                                          ) HON. SHARON BELL,
                                            ) CHANCELLOR
CHARLES H. KEISLER, SR.,                    )
                                            ) AFFIRMED AND
        Defendant-Appellant.                ) REMANDED


WANDA G. SOBIESKI and CINDY F. FOSTER, SOBIESKI, MESSER &
ASSOCIATES, Knoxville, for Plaintiff-Appellee.

MARTY McDONALD and JAY W. MADER, McDONALD, LEVY & TAYLOR,
Knoxville, for Defendant-Appellant.


O P I N I O N


                                            Franks. J.


        In this divorce action the wife was granted a divorce on the ground of

adultery, and the Court ordered division of the marital properties, granted

rehabilitative alimony, and attorney's fees to the wife.  The husband has appealed.

        The husband's issues on appeal are:

        1.      Whether the Trial Court equitably divided the parties' marital
                property in accordance with the provisions of T.C.A. §36-4-121
                when its division resulted in Mrs. Keisler receiving
                approximately $181,979 and Mr. Keisler receiving $155,441.

        2.      Whether the Trial Court erred in awarding Mrs. Keisler
                rehabilitative alimony in excess of her needs and thus worked a
                punishment on Mr. Keisler.

3. Whether the trial court erred by ordering Mr. Keisler to pay attorney's fees for Mrs. Keisler given the significant assets received by Mrs. Keisler from the court's division of the parties' property.

This was a marriage of some 40 years, and at the time of the divorce the wife was aged 57 and the husband aged 60. The husband insists that the division of marital property was inequitable. We cannot agree. The Trial Court was required to take into account the factors set forth in Tennessee Code Annotated, §36-4-121 in arriving at an equitable division of the real property. The factors relevant here include the duration of the marriage, the age and health of the wife, the relative ability of each party to acquire capital assets and income (the husband had a demonstrated earning capacity of approximately $40,000.00 a year), and the economic circumstances of the parties. The evidence relating to these factors supports the decision made by the Court.

The husband further argues in this regard that the Trial Court intended to make equal awards of the marital property, but we cannot find that intent from the expressions of the Trial Judge. At one juncture, the Trial Judge said:

> So for a more accurate finding that would leave him with approximately $155,000 as opposed to her $182,000, or a difference of approximately $28,000.

Moreover, the evidence does not preponderate against the Trial Court's finding that the distribution of the marital property was equitable under the circumstances.

The Trial Judge awarded rehabilitative alimony in the amount of $7,500.00 per year for two years, and ordered husband to pay it in a lump sum. The husband essentially argues that the wife did not demonstrate need, and that the award was, in effect, made to punish him for his adultery. The amount of alimony awarded is within the sound discretion of the Trial Judge. *Houghland v. Houghland*, 844 S.W.2d 619 (Tenn. App. 1992), and the factors to be taken into account in establishing alimony, if applicable, are set forth in §36-5-101(d). Need and ability are the "most

2

critical" factors to be considered in determining whether to award alimony. *Lloyd v. Lloyd*, 860 S.W.2d 409 (Tenn. App. 1993). The evidence does not preponderate against the Trial Court's finding of need, and the two year requirement of rehabilitation, T.R.A.P. Rule 13(d). Moreover, the record demonstrates that the husband has the ability to pay the alimony awarded.

The Trial Court had the discretion to take into account the relative faults of the parties as a factor to be considered in the award of alimony. When the factors are considered to form the basis for the award, there is no indication that this award was made to "punish" the husband for his adulterous conduct as he has charged.

Finally, defendant argues that attorney's fees were improperly allowed. The Trial Judge is likewise vested with wide discretion in allowance of attorney's fees and expenses. *See Elliott v. Elliott*, 825 S.W.2d 87 (Tenn. App. 1991), and as in this case, where the award of attorney's fees is an alimony award, the Trial Court is required to take into account the factors enumerated in §36-5-101(d). These factors militate in favor of the wife, and justify the award made by the Trial Judge. *See Thompson v. Thompson*, 797 S.W.2d 599 (Tenn. App. 1990).

The wife raises issues to the effect that the husband should be estopped from disputing the attorney's fees award, because he agreed to that amount, and in the alternative asks this Court to award attorney's fees for the Trial Court's proceeding in the amount of $25,000.00. Our review of the record indicates the amount of $15,000 was agreed to by husband's attorney, however, we do not believe under the circumstances that the representations made would preclude raising the issue of the propriety of awarding any fees on appeal.

Finally, wife argues that the attorney's fees incurred should be awarded for protecting her award on appeal. We agree that it is appropriate for her fees to be awarded in this case. *See* T.C.A. §36-5-103(c). We affirm the judgment of the Trial

3

Court and remand, and the Trial Judge is directed to establish a reasonable fee for wife's attorney for defending the enforcement of the Trial Court's award on appeal.

The cost of the appeal is assessed to the appellant, and appelle's motion to consider post-judgment facts is overruled.

_____
Herschel P. Franks, J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
Charles D. Susano, Jr., J.