IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
_____

**BRENDA KAYE THOMAS,**

     Plaintiff-Appellee,

Vs.

**JOHNNY WAYNE THOMAS,**

     Defendant-Appellant.

Lake Chancery No. 3966
C.A. No. 02A01-9711-CH-0292

FILED

April 16, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

_____

FROM THE LAKE COUNTY CHANCERY COURT
THE HONORABLE J. STEVEN STAFFORD, JUDGE


Ralph I. Lawson of Dyersburg
For Appellant

Martin L. Howie of Dyersburg
For Appellee


*AFFIRMED AND REMANDED*

Opinion filed:


**W. FRANK CRAWFORD**,
**PRESIDING JUDGE, W.S.**


**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

     This appeal involves a petition to modify an award of alimony. Appellant, Johnny Wayne Thomas (Husband), appeals the order of the trial court denying Husband's petition to modify by deletion an award of alimony *in futuro* awarded to Appellee, Brenda Kaye Thomas

(Wife).

On October 19, 1994, an absolute divorce was granted to both parties. The divorce decree ordered, *inter alia*, Husband to pay $236.00 per month to Wife as alimony *in futuro*. This amount was the amount that her health insurance would cost through Husband's place of employment. Husband was also ordered to pay $150.00 per month as rehabilitative alimony for a period of two years.

On August 13, 1997, Husband filed a Petition to Strike Conditional Award of Alimony *in Futuro* from Judgment of Divorce. In this petition, Husband submitted that the award of alimony *in futuro* was based on Wife's need to continue insurance coverage through Husband's employer because of her health condition. Husband asserts that the trial court implied that the award was to be paid to cover the cost of insurance since the amount of the award was directly related to the cost of the insurance and that the alimony would not be due if such insurance was not in effect. Husband argues that the award should be stricken because of a change in circumstances in that Wife does not have cancer and does not need nor uses the award to obtain insurance. Wife's response to the petition asserts that the court had previously ruled on this exact issue, and the previous order is *res judicata*.

On October 20, 1997, the trial court filed an order denying Husband's petition. On October 29, 1997, Wife filed a motion requesting attorney's fees in the amount of $300.00 which the trial court subsequently granted.

Husband appeals and presents the following issues, as stated in his brief, for our review:

> 1) Whether the Trial Court erred in ruling that there was not a preponderance of evidence to support a modification of the alimony award due to a showing of a substantial and material change in circumstances.

> 2) Whether the Trial Court erred in awarding attorney's fees in this cause.

Since this case was tried by the trial court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

Husband submits that the award of alimony *in futuro* was based solely on the need of Wife to secure health insurance through Husband's employer because she was unable to secure

2

such elsewhere because of her health condition. He states that that need was erased when Wife testified during a deposition that she did not have cancer, that such condition never existed, and that she did not desire to continue to be covered by insurance through the Husband's employer. Therefore, Husband argues that there has been a substantial and material change in circumstances warranting a modification of the alimony award.

Wife admits that she did not have cancer and states that she never testified during the divorce proceedings that she had cancer. She contends that the trial court's statement in reference to cancer was a "misprint." However, she asserts that there is no implication that the amount of the alimony award was based solely on the belief that she had cancer or that such would not be due if no health insurance was in effect in the future. Wife states that the trial court determined that she was in need of such support for numerous reasons and that alimony was not awarded solely for her to obtain health insurance. Thus, modification of the award is not warranted.

T.C.A. § 36-5-101, which provides for spousal support, states, in pertinent part, that "the court may decree an increase or decrease of such allowance only upon a showing of a *substantial and material change of circumstances*." T.C.A. § 36-5-101(a)(1) (1996 & Supp. 1998) (emphasis added). The party seeking relief on the grounds of a substantial and material change in circumstances has the burden of proving such changed circumstances warranting an increase or decrease in the amount of the alimony obligation. *Seal v. Seal*, 802 S.W.2d 617, 620 (Tenn. App. 1990). The change in circumstances must have occurred since the entry of the divorce decree ordering the payment of alimony. *Elliot v. Elliot*, 825 S.W.2d 87, 90 (Tenn. App. 1991). Furthermore, the change in circumstances relied upon must not have been foreseeable at the time the decree was entered. *Id.*

The decision to modify the alimony obligation is factually driven and requires a careful balancing of several factors. *Cranford v. Cranford*, 772 S.W.2d 48, 50 (Tenn. App. 1989). The factors set forth in T.C.A. § 36-5-101(d), applicable to the initial grant of spousal support and maintenance, where relevant, must be taken into consideration in determining whether there has been a change in circumstances to warrant a modification of the alimony obligation. *Threadgill v. Threadgill*, 740 S.W.2d 419, 422-23 (Tenn. App. 1987).

While T.C.A. § 36-5-101(d) enumerates several factors for the court to consider, the need of the spouse receiving the support is the single most important factor. *Cranford*, 772 S.W.2d

3

at 50. In addition to the need of the spouse receiving support, the courts most often take into consideration the ability of the obligor spouse to provide support. *Id.*

In its memorandum opinion, which is incorporated in the divorce decree, the trial court stated with regard to alimony:

> The wife certainly is deserving of alimony. There is a large disparity in earning power between the parties. Relative fault weighs against the husband. Virtually all the factors listed in T.C.A. § 36-5-101(d)(1) indicate that alimony is appropriate. However, the husband is being ordered to assume all the debts except for the wife's automobile. His monthly payments on these debts will total approximately $1,400 per month. His net monthly income is approximately $2,500.
>
> The wife has cancer and is unable to secure medical insurance except through the husband's employment at a cost of $236.00 per month. Monthly alimony or alimony *in futuro* is set at $236.00 per month to be paid directly to the wife. The husband shall also pay directly to the wife $150.00 per month rehabilitative alimony for a period of two (2) years.

After an evidentiary hearing, the trial court found that there was no proof that would entitle Husband to a modification of the alimony award. The trial court made no ruling on the plea of *res judicata*, although such a plea would be equally as applicable to a previous proceeding to modify as it would be to the original divorce decree. In any event, from our review of the record, we find that the evidence does not preponderate against the finding of the trial court that there is no change of circumstances, either from the time of the original decree or the previous proceeding to modify.

It appears from the foregoing memorandum opinion that the trial court based its decision to award alimony initially on several, if not all, of the criteria listed in T.C.A. § 36-5-101(d)(1). While Wife's physical condition may have been a factor in the trial court's decision, this was not the only factor. This is a marriage of significant duration, relative fault was assessed against Husband, and there was a large disparity in earning capacity between the parties. Thus, Wife's current physical condition does not amount to a substantial and material change in circumstances to warrant a modification of the alimony obligation.

As for Husband's second issue concerning attorney's fees, Husband cites no authority nor does he present any argument or discussion of the issue. Thus, this issue is deemed to be waived. *State ex rel. Dep't of Transp. v. Harvey*, 680 S.W.2d 792, 795 (Tenn. App. 1984); *see generally* Tenn. R. App. P. 27(a)(7).

Accordingly, the order of the trial court is affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed to

appellant.

 

                                 _____

                                 **W. FRANK CRAWFORD,**
                                 **PRESIDING JUDGE, W.S.**

**CONCUR:**

_____

**ALAN E. HIGHERS, JUDGE**

_____

**DAVID R. FARMER, JUDGE**