# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
February 11, 2002 Session

## BARRY LYNN TEAGUE v. BARBARA ANN CHADWICK TEAGUE

**Appeal from the Circuit Court for Hamilton County**
No. 00-D-713     L. Marie Williams, Judge

**FILED FEBRUARY 28, 2002**

**No. E2001-01413-COA-R3-CV**

---

This is a divorce case. The trial court granted the parties a divorce on stipulated grounds; divided their marital property; and awarded Barbara Ann Chadwick Teague ("Wife") alimony *in futuro* of $1,800 per month, plus attorney's fees of $2,500. Barry Lynn Teague ("Husband") appeals the nature and amount of the alimony award, the division of property, and the award of attorney's fees. We vacate the language in the trial court's judgment projecting into the future as to Wife's needs when her mortgage obligation has been paid in full. In all other respects, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed as Modified; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Sherry B. Paty, Chattanooga, Tennessee, for the appellant, Barry Lynn Teague.

William H. Horton, Chattanooga, Tennessee, for the appellee, Barbara Ann Chadwick Teague.

## OPINION

### I. *Background*

The trial court dissolved a marriage of 23 years. At the time of their divorce, Husband was 49 years old, and Wife was 48. They had one child, who had reached the age of majority at the time of trial.

When the parties married, Husband had already graduated from college with a degree in accounting. He was awarded the designation of Certified Public Accountant a few years later. Wife was a high school graduate and had attended one year of business college. Throughout the marriage, Wife worked for SunTrust Bank; at the time of trial, she was earning approximately $32,280 annually as an operations clerk. She testified at trial that she most likely had reached her salary

limit. In the 23 years preceding the parties' divorce, Husband held numerous jobs in Chattanooga, and in 1997, he learned that the insurance company he was working for was being sold. Understanding that he might lose his job, Husband took a position with Blue Cross Blue Shield of North Carolina as Director of Budgeting and Expense Management and moved to Durham. Wife did not want to move away from her family, so she decided to stay in Chattanooga. At the time of trial, Husband was making $105,000 per year, with opportunities for annual bonuses between $9,000 and $13,000, in addition to the potential for promotions and salary increases over the next several years.

In mid-1999, Wife indicated that she was willing to move to Durham, but Husband discouraged the move. A few months later, Wife learned that Husband was seeing someone in North Carolina, and at that point, Husband filed for divorce.

The divorce was heard in December, 2000, and a final judgment was entered February 6, 2001, granting the parties a divorce on stipulated grounds. The trial court divided the marital property as follows:

| Assets/Debts | Value | Wife | Husband |
|---|---|---|---|
| Marital Residence | $121,000 | $121,000 | |
| SunTrust Mortgage | <36,000> | <36,000> | |
| Est. Cost of Repairs to Residence | <10,000> | <10,000> | |
| Eldridge Rd. Property | 25,000 | 25,000 | |
| 2000 Audi Automobile | 32,000 | 32,000 | |
| SunTrust 401K | 122,738 | 122,738 | |
| North Carolina Condo. | 160,000 | | $160,000 |
| Chase Mortgage | <108,315> | | <108,315> |
| 1991 Nissan Automobile | 10,000 | | 10,000 |
| Northwestern Mutual Annuity | 60,520 | | 60,520 |
| AmEx Retirement | 43,171 | | 43,171 |
| BB&T Stock | 2,668 | | 2,668 |
| BB&T Bank Card | <1,000> | | <1,000> |
| SunTrust Mastercard | <3,500> | <3,500> | |
| Total | $418,282 | $251,238 | $167,044 |

Finding that Wife could not maintain "any semblance of the lifestyle" the parties enjoyed prior to the divorce, and further finding that rehabilitative alimony is not appropriate in this case, the trial court ordered Husband to pay Wife alimony *in futuro* in the amount of $1,800 per month. Finally, the trial court awarded Wife $2,500 in attorney's fees. Husband filed a motion to alter or amend, which motion was denied. This appeal followed.

II. *Standard of Review*

Our review of this non-jury case is *de novo* upon the record with a presumption of correctness as to the trial court's factual findings, "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). The trial court's conclusions of law are not accorded the same deference. **Brumit v. Brumit**, 948 S.W.2d 739, 740 (Tenn. Ct. App. 1997).

## III. *Alimony*

Husband challenges the award of alimony on two grounds. First, he asserts that the trial court should have granted Wife rehabilitative alimony, or alternatively, alimony *in solido*, rather than alimony *in futuro*. Second, Husband contends that the amount of the alimony award constitutes an abuse of discretion by the trial court.

In determining the propriety, nature, and amount of an alimony award, courts are to consider the statutory factors enumerated in T.C.A. § 36-5-101(d)(1)(A)-(L) (2001). "[T]here is no absolute formula for determining the amount of alimony." **Aaron v. Aaron**, 909 S.W.2d 408, 410 (Tenn. 1995). The two most important factors in setting the amount of an alimony award are need and the ability to pay, with need being "the single most important factor." **Id.**, quoting **Cranford v. Cranford**, 772 S.W.2d 48, 50 (Tenn. Ct. App. 1989). Because the amount of alimony to be awarded is within the trial court's sound discretion in view of the particular circumstances of the case, appellate courts will not alter such awards absent an abuse of discretion. **Lindsey v. Lindsey**, 976 S.W.2d 175, 180 (Tenn. Ct. App. 1997).

T.C.A. § 36-5-101(d)(1) reflects a preference for an award of rehabilitative alimony. **Crabtree v. Crabtree**, 16 S.W.3d 356, 358 (Tenn. 2000). An award of rehabilitative alimony, however, is appropriate only where rehabilitation is feasible. *See* T.C.A. § 36-5-101(d)(1). In the instant case, rehabilitative alimony is clearly not appropriate. At the age of 48, Wife likely has reached the pinnacle of her earning potential, and with a high school degree and one year of business school, she is not in a position to change careers. Clearly, Wife cannot be rehabilitated under any reasonable standard, and thus, we find that the trial court correctly concluded that Wife is entitled to some form of long-term support.

Further, the trial court did not abuse its discretion in awarding Wife alimony *in futuro* of $1,800 per month. The testimony at trial reveals that, prior to the divorce, the parties had a joint income of some $140,000 per year, which allowed Wife to enjoy a lifestyle that was commensurate with that income. Post-divorce, Wife's income has been reduced to her annual salary of $32,280. While the award of $1,800 per month in alimony will not allow her to enjoy the same lifestyle to which she was accustomed while married, "it will provide her with ʽclosing in money,' that is she will be enabled to closely approach her former economic position." **Aaron**, 909 S.W.2d at 411.

Husband also argues that the language in the trial court's memorandum opinion, which states that when Wife's mortgage is paid in full "she will be able to use any funds previously allocated to payment of the mortgage for improvements and retirement," makes the payment of the mortgage a foreseeable event that will prevent Husband from petitioning the trial court for a modification of alimony when the mortgage is paid in full. We agree.

Alimony *in futuro* can be modified only upon a showing of "substantial and material change in circumstances." T.C.A. § 36-5-101(a)(1) (2001). Such a change in circumstances "must be shown to have occurred after the entry of the divorce decree, and must not have been foreseeable at the time the decree was entered into." ***Elliot v. Elliot***, 825 S.W.2d 87, 90 (Tenn. Ct. App. 1991).

By declaring that Wife can use the money previously spent on the mortgage for home repairs and retirement, the trial court has essentially predetermined, at least to some extent, Wife's *needs* at some point in the future. This projection into the future tends to foreclose any effort on the part of Husband to predicate a petition to modify on the elimination of the mortgage payment from Wife's list of needs. Generally speaking, the alimony determination should be based upon current circumstances or on future circumstances so close in time to the hearing as to qualify as a part of current considerations.

We therefore find that the trial court erred in prejudging the use of the alimony award post-mortgage debt and vacate the portion of the trial court's judgment which states that Wife "will be able to use any funds previously allocated to payment of the mortgage for improvements and retirement." We hasten to add, however, that we express no opinion as to the likely success of a petition to modify the alimony award should Husband choose to file one when the mortgage debt has been paid in full. Rather, we simply hold that such an opportunity should not be foreclosed by a finding that projects significantly into the future – to a time too far distant to be relied upon now.

IV. *Property Division*

Husband next argues that the trial court erred in its division of the parties' marital property. We disagree.

Property may be equitably divided and distributed between the parties once it is properly classified as marital. *See* T.C.A. §36-4-121(a)(1) (2001). "Trial courts have wide latitude in fashioning an equitable division of marital property." ***Brown v. Brown***, 913 S.W.2d 163, 168 (Tenn. Ct. App. 1994). Such a division is to be effected upon consideration of the statutory factors found in T.C.A. § 36-4-121(c) (2001).

"[A]n equitable property division is not necessarily an equal one. It is not achieved by a mechanical application of the statutory factors, but rather by considering and weighing the most relevant factors in light of the unique facts of the case." ***Batson v. Batson***, 769 S.W.2d 849, 859 (Tenn. Ct. App. 1988). It is not necessary that both parties receive a share of each piece of property. ***Thompson v. Thompson***, 797 S.W.2d 599, 604 (Tenn. Ct. App. 1990). Appellate courts are to defer to a trial court's division of marital property unless the trial court's decision is inconsistent with the statutory factors or is unsupported by the preponderance of the evidence. ***Brown***, 913 S.W.2d at 168.

In the instant case, the trial court awarded 60% of the marital estate to Wife. We find that the evidence does not preponderate against this distribution. This was a marriage of 23 years. Both parties made contributions to the marriage. In light of the great disparity between the parties with

regard to education, income, and potential to accumulate future assets, we find no error in the trial court's division of the marital estate.

## V. *Attorney's Fees*

Finally, Husband argues that the trial court erred in awarding Wife $2,500 in attorney's fees. We disagree.

A trial court may award attorney's fees to a spouse as alimony if the spouse is disadvantaged and does not have sufficient resources to pay his or her own attorney's fees. ***Barnhill v. Barnhill***, 826 S.W.2d 443, 456 (Tenn. Ct. App. 1991); ***Thompson***, 797 S.W.2d at 605. In divorce actions, an award of attorney's fees is considered an award of alimony. *See* ***Ford v. Ford***, 952 S.W.2d 824, 830 (Tenn. Ct. App. 1996). As such, a trial court is to consider the factors enumerated in T.C.A. § 36-5-101(d)(1)(A)-(L) in awarding attorney's fees. *See* ***Storey v. Storey***, 835 S.W.2d 593, 598 (Tenn. Ct. App. 1992). The question of whether to award attorney's fees is within the discretion of the trial court, and an appellate court is not to disturb the trial court's award unless the evidence preponderates against it. ***Barnhill***, 826 S.W.2d at 456.

Reviewing the instant case in light of the aforementioned statutory factors, we find that the evidence does not preponderate against the trial court's award of attorney fees to Wife. Accordingly, we will not disturb the trial court's award.

We further find that Wife is entitled to an award of attorney's fees on this appeal. An award of attorney's fees is in the nature of alimony. ***Smith v. Smith***, 912 S.W.2d 155, 161 (Tenn. Ct. App.1995). Because we find that Wife has demonstrated the requisite need and that Husband has the ability to pay, the trial court, upon remand, will award Wife her reasonable fees and expenses incurred in defending this appeal.

## VI. *Conclusion*

The judgment of the trial court is affirmed as modified. This case is remanded for enforcement of the trial court's judgment and for collection of costs assessed below, all pursuant to applicable law. Costs on appeal are taxed to the appellant, Barry Lynn Teague.

_____
CHARLES D. SUSANO, JR., JUDGE