IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 19, 2005 Session

## JAMES IRVIN COLE v. DEBORAH CONLEY COLE

**A Direct Appeal from the Chancery Court for Shelby County**
**No. D15801-3     The Honorable D. J. Alissandratos, Chancellor**

_____

**No. W2003-01986-COA-R3-CV - Filed February 17, 2005**

_____

In post-divorce proceedings, Husband/Appellant sought modification of his support obligation to Wife/Appellee. Divorce Referee found no change in circumstances on which to base a modification. The trial court affirmed the Referee's findings. Husband/Appellant appeals. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY M. KIRBY, J., joined.

Clifford M. Cole of Germantown for Appellant, James I. Cole

William L. Bomar of Memphis for Appellee, Deborah Conley Cole

### OPINION

James Irvin Cole ("Plaintiff," or "Appellant") and Deborah Conley Cole ("Defendant," or "Appellee") were divorced by "Final Decree of Divorce" entered in the Chancery Court of Shelby County on May 10, 1989. In pertinent part, the "Final Decree of Divorce" ordered Mr. Cole to pay alimony *in futuro* to Ms. Cole, which automatically reduced over the years to a current sum of $1,000.00 per month where it remains today. Mr. Cole appealed from the "Final Decree of Divorce" and this Court, in *Cole v. Cole*, 1990 WL 120117 (Tenn. Ct. App. Aug. 21, 1990), affirmed the "Final Decree of Divorce" in all material respects.

The record indicates that, over the years, Mr. Cole has filed numerous petitions for a reduction or elimination of his alimony obligation.[1]  All of Mr. Cole's petitions have been denied.

Prior to his filing of the Petition to Reduce Support, which is the subject of this appeal, the trial court entered an Order on January 29, 1998.  This Order denied Mr. Cole's December 12, 1997 Amended Petition to Reduce Alimony and also found Mr. Cole "to be in willful civil contempt...in that he has failed to pay Ms. Cole the sum of $2,500 per month...for a period of fifteen months, and also in failing to make good faith efforts to 'seek additional,' gainful employment ...."

On March 7, 2002, Mr. Cole filed his "Petition to Modify Previous Order of Support" (the "Petition"), which is the Petition relevant to this appeal.  In this Petition, Mr. Cole makes two allegations.  First, that he "has experienced a material change of circumstance in that his income and his ability to earn income have been substantially reduced" due, *inter alia*, to Mr. Cole's assertion that his employment would be terminated on Friday, March 7, 2002 due to a "cut-back in the company beyond his control."[2]  Second, Mr. Cole asserts that Ms. Cole "has experienced a material change of circumstance in that her income and her ability to earn income have substantially increased...."  On March 8, 2002, Ms. Cole filed a "Response to Petition to Modify Previous Order of Support Motion to Dismiss."  On March 26, 2002, Mr. Cole Amended his Petition to state that his employment was, in fact, terminated on Friday, March 8, 2002.

On April 5, 2002, Ms. Cole filed a "Motion for Summary Judgment" seeking dismissal of Mr. Cole's Petition.  Mr. Cole filed a "Response to Motion for Summary Judgment" on April 26, 2002.  The "Motion for Summary Judgment' was argued on May 3, 2002.  On June 5, 2002, the trial court entered an "Order on Defendant's Motion for Summary Judgment," which granted the Motion in part and denied it in part.  Specifically, the trial court found that Mr. Cole had failed to show any change in Ms. Cole's circumstances since the prior Order of the court on support entered on January 29, 1998; therefore, Mr. Cole's allegations regarding Ms. Cole's "increase in income" were dismissed.  The trial court denied the "Motion for Summary Judgment" in regard to Mr. Cole's alleged change in circumstance and allowed the matter to proceed to hearing before the Divorce Referee on that issue.

A hearing was conducted before the Divorce Referee on May 14, 2002.  Based upon the evidence presented at that hearing, the Divorce Referee granted Mr. Cole a temporary reduction in his alimony obligation from $1,000.00 to $500.00 per month for three months.  A second hearing before the Divorce Referee was held on September 18, 2002.  Based, *inter alia*, upon the fact that Mr. Cole had secured comparable employment, the Referee reinstated the $1,000.00 per month alimony obligation.  On October 29, 2002, the Chancery Court entered an "Order on Divorce

---

[1] On January 15, 1993, Mr. Cole filed a "Petition for Modification of Award of Alimony and Child Support." On September 30, 1994, Mr. Cole filed a "Petition for Reduction of Child Support."  On October 2, 1996, Mr. Cole filed a "Petition to Reduce Alimony and Arrearage Payments."  On December 12, 1997, Mr. Cole filed an "Amended Petition to Reduce Alimony and Adjust Arrearage Payments."

[2] At the time, Mr. Cole worked in a retail telephone store and had an in home insurance sales business.

Referee's Rulings," which reflects the reduction in alimony and the reinstatement to $1,000.00 per month.

Mr. Cole appealed the Divorce Referee's ruling to the Chancery Court and arguments were heard on June 10, 2003. On July 16, 2003, the trial court entered its "Final Order Affirming Divorce Referee's Findings/Rulings" (the "Final Order"), wherein the findings of the Referee as reflected in the "Order on Divorce Referee's Rulings" were "affirmed and confirmed."

Mr. Cole appeals from the Final Order and raises two issues for review as stated in his brief:

> 1. Did the trial court err in finding its Order of January 29, 1998 to be the last order of support and thus denying proof of the appellant's change of circumstance prior to January 29, 1998.

> 2. Did the trial court err in affirming the Rulings and Findings of the Divorce Referee.

We first note that the factual findings of the trial court are accorded a presumption of correctness, and this Court will not overturn those factual findings unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d); ***Bogan v. Bogan***, 60 S.W.3d 721, 727 (Tenn. 2001). With respect to legal issues, our review is conducted "under a pure de novo standard of review, according no deference to the conclusions of law made by the lower courts." ***Southern Constructors, Inc. v. Loudon County Bd. Of Educ.***, 58 S .W.3d 706, 710 (Tenn.2001).

Concerning Mr. Cole's first issue, we find his assertion to be misplaced. It is undisputed in this record that the January 29, 1998 Order is the last order of support entered in this matter. The preliminary paragraph of that Order reads, in relevant part, as follows:

> THIS matter came on for hearing on December 15, 1997, upon James I. Cole's Amended Petition to Reduce Alimony and Adjust Arrearage Payments filed December 12, 1997, his Petition to Determine Dischargeability of Certain Debts, upon Deborah C. Cole's Petition for Citation for Contempt, to Modify Arrearage Payments and to Extend Time for Repayment of Debts filed October 18, 1996 and her Amended Petition for Citation for Contempt, upon testimony of James I. Cole and Deborah C. Cole, upon certain documentary evidence, statements and arguments of counsel, and the entire record in the cause....

From this portion of the Order, it is clear that Mr. Cole was allowed to present evidence concerning any material change of circumstance bearing upon his alimony obligation at the December 15, 1997 hearing. If he was dissatisfied with the hearing or the resulting Order of January 29, 1998, Mr. Cole could have appealed from that Order within the time allowed under the Rules of

Appellate Procedure. However, the record reveals that Mr. Cole did not file a direct appeal from this Order. Rather, in March, 2002, Mr. Cole filed a "Petition to Modify Previous Order of Support," and an Amended Petition to Modify Order of Support. These are the Petitions from which this appeal springs. Consequently, the only evidence concerning a material change in circumstances sufficient to modify Mr. Cole's support obligation would be limited to those changes occurring *after* the January 29, 1998 Order. Anything occurring prior to the January 29, 1998 Order would be germane only to that Order and would not bear upon any subsequent petitions to modify support such as the one giving rise to this appeal. Simply put–evidence arising prior to January 29, 1998 is not relevant to the March 2002 Petition and the trial court did not err in precluding such evidence from the proof in this case.

Before addressing Mr. Cole's second issue, we first offer a brief discussion of the law concerning modifications of alimony. It is well settled that modifications of alimony may be granted only upon a showing of a substantial and material change in circumstances since entry of the original support order. T.C.A. § 36-5-101(a)(1) (Supp. 2001); *Bogan v. Bogan*, 60 S.W.3d 721, 727-28 (Tenn.2001). In order to be material, a change in circumstances must have been unforeseeable, unanticipated, or not within the contemplation of the parties at the time of the decree. *Id*. at 728; *Elliot v. Elliot*, 825 S.W.2d 87, 90 (Tenn. Ct. App.1991). To be considered substantial, the change must significantly affect either the obligor's ability to pay or the obligee's need for support. *Bogan*, 60 S.W.3d at 728; *Bowman v. Bowman*, 836 S.W.2d 563, 568 (Tenn. Ct. App.1991).

Our standard of review for a modification decision has been explained by our Supreme Court:

> Because modification of a spousal support award is "factually driven and calls for a careful balancing of numerous factors," *Cranford v. Cranford*, 772 S.W.2d 48, 50 (Tenn.Ct.App.1989), a trial court's decision to modify support payments is given "wide latitude" within its range of discretion, *see Sannella v. Sannella*, 993 S.W.2d 73, 76 (Tenn.Ct.App.1999). In particular, the question of "[w]hether there has been a sufficient showing of a substantial and material change of circumstances is in the sound discretion of the trial court." *Watters v. Watters*, 22 S.W.3d 817, 821 (Tenn.Ct.App.1999) (citations omitted). Accordingly, "[a]ppellate courts are generally disinclined to second-guess a trial judge's spousal support decision unless it is not supported by the evidence or is contrary to the public policies reflected in the applicable statutes." *Kinard v. Kinard*, 986 S.W.2d 220, 234 (Tenn.Ct.App.1998); *see also Goodman v. Goodman*, 8 S.W.3d 289, 293 (Tenn.Ct.App.1999) ("As a general matter, we are disinclined to alter a trial court's spousal support decision unless the court manifestly abused its discretion"). When the trial court has set forth its factual findings in the record, we will presume the correctness of these findings so long as the evidence does not

preponderate against them. ***See, e.g., Crabtree v. Crabtree***, 16 S.W.3d 356, 360 (Tenn.2000); *see also* Tenn. R. App. P. 13(d).

***Bogan***, 60 S.W.3d at 727.

As discussed above, the trial court granted summary judgment on the issue of Ms. Cole's alleged change in circumstance. As noted in the trial court's "Order on Defendant's Motion for Summary Judgment," Mr. Cole "submitted no proof as to any change of circumstance as to Deborah C. Cole, since January 29, 1998." Concerning Ms. Cole's need, Mr. Cole asserts only that Ms. Cole's employment as a legal secretary negates her need for alimony. The record indicates, however, that the trial court was fully aware of Ms. Cole's employment and potential in that field at the time it made the initial award of alimony *in futuro*. In the absence of any proof to support a finding that Ms. Cole's circumstances have materially changed since the entry of the January 29, 1998 Order on support, we must conclude that the trial court was correct in granting summary judgment on this question. Consequently, the sole issue before the Divorce Referee was whether Mr. Cole's circumstances had changed such that he was no longer able to pay the alimony. At the first hearing before the Referee on May 14, 2002, Mr. Cole presented evidence that he had lost his job and, as a direct result of that evidence, the Referee granted a reduction in his support obligation. However, at the September 18, 2002 hearing, the only evidence adduced was that Mr. Cole had gained comparable employment and that his income was not significantly less than it was before the reduction. No additional proof was gleaned as to Mr. Cole's circumstances and, consequently, the Referee reinstated the $1,000.00 per month obligation. In light of this evidence, we cannot say that the trial court erred in affirming the Referee's findings and recommendations concerning Mr. Cole's alimony obligation.

As a final note, Ms. Cole seeks an award of attorney's fees based upon her assertion that Mr. Cole's appeal is frivolous. We deny this request.

For the foregoing reasons, we affirm the Final Order of the trial court. Costs of this appeal are assessed against the Appellant, James Irvin Cole, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.