# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
August 27, 2010 Session

## WILLIAM C. KILLIAN v. REBECCA McMANUS KILLIAN

**Appeal from the Chancery Court for Marion County**
**No. 6968      Howell N. Peoples, Chancellor**

---

**No. M2010-00238-COA-R3-CV - Filed October 5, 2010**

---

Husband petitioned to reduce or terminate his alimony obligation, and the trial court denied his petition and awarded wife attorney fees. Husband argues on appeal that the trial court erred in denying his petition and in awarding wife attorney fees. We affirm the decision of the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

Marvin Bernard Berke and Megan England Demastus, Chattanooga, Tennessee, for the appellant, William C. Killian.

Roger E. Jenne, Cleveland, Tennessee, for the appellee, Rebecca McManus Killian.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

William C. Killian ("Husband") and Rebecca McManus Killian ("Wife") were married in March 1974 and divorced in June 2005. The divorce judgment, which incorporated the terms of a mediated settlement agreement entered into between the parties, provides that Husband would pay Wife periodic alimony according to the following schedule:

- $5,000 per month commencing May 1, 2005, through April 1, 2006
- $4,500 per month commencing May 1, 2006, through April 1, 2007

• $4,000 per month commencing May 1, 2007, until Rebecca Killian's remarriage, death of either of the parties, or modification by the Court.

The judgment further provides that, as agreed between the parties, Wife "may hereafter earn or otherwise receive from any source $36,000.00 per year without said amount being considered a change of circumstances for purposes of seeking a modification of alimony."

In August 2008, Husband filed a petition to modify his alimony obligation with only a general allegation of a substantial and material change of circumstances. In an amended petition filed in November 2008, Husband included the following allegations:

> Following the entry of the Final Decree, petitioner and respondent dissolved an existing partnership. Respondent received $360,000 for her share in the partnership. Petitioner had to incur $95,000 in additional debt in order to complete the transaction.
>
> Furthermore, petitioner's income from his law practice has decreased since 2004.
>
> In addition, petitioner has had an increase in debt.
>
> Respondent has not sought nor acquired meaningful employment since September 2004, although she is able to earn income. To the best of petitioner's knowledge, other than normal utility, food and necessary expenses, she has no debt.

In October 2009, the court granted Husband's motion to amend his petition to include two allegations: (1) that Wife was living with another man, Mark Kelly, who was supporting her and "indirectly using items for which [Husband] is paying" and (2) that Husband had been diagnosed with "a neurological disorder that constitutes a substantial material change of circumstances justifying a modification or termination for periodic alimony."

The case was heard on November 4 and 5, 2009. In an opinion and order entered on December 21, 2009, the court concluded that Husband had failed to meet his burden of proving a substantial and material change of circumstances and dismissed the petition. The court made findings of fact, which will be addressed below as pertinent to the arguments raised on appeal. In February 2010, the court partially granted Wife's motion to alter or amend by awarding her attorney fees in the amount of $16,059.41.

STANDARD OF REVIEW

The trial court's findings of fact are reviewed de novo on the record with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). Modification of a spousal support award is factually driven. *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's decision to modify its alimony award is given wide latitude within the trial court's range of discretion. *Id.* A trial court abuses its discretion only when it applies an incorrect legal standard or when it reaches a decision against logic or reasoning that causes an injustice to the complaining party. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

Decisions to award attorney fees are also reviewed under an abuse of discretion standard. *Huntley v. Huntley*, 61 S.W.3d 329, 341 (Tenn. Ct. App. 2001). Thus, we are required to uphold the trial court's ruling "as long as reasonable minds could disagree about its correctness," and "we are not permitted to substitute our judgment for that of the trial court." *Caldwell v. Hill*, 250 S.W.3d 865, 869 (Tenn. Ct. App. 2007).

PETITION TO MODIFY ALIMONY

In its ruling, the trial court examined and rejected all of Husband's arguments for finding a substantial and material change of circumstances, including his allegations concerning reduced income from his law practice, Wife's needs, Husband's debts, Parkinson's disease, and Wife's relationship with Mark Kelly. On appeal, Husband asserts that the trial court erred in failing to find a substantial and material change of circumstances based upon Parkinson's disease and Husband's reduced income. Husband also argues that the trial court failed to properly consider Wife's needs and earning capacity and the separate assets of each party.

Modification of periodic alimony or alimony in futuro may be granted only "upon a showing of substantial and material change in circumstances." Tenn. Code Ann. § 36-5-121(f)(2)(A). The party seeking the modification has the burden of proving the substantial and material changes that justify it. *Elliot v. Elliot*, 825 S.W.2d 87, 90 (Tenn. Ct. App. 1991). The change in circumstances must have occurred after the original award. *Brewer v. Brewer*, 869 S.W.2d 928, 935 (Tenn. Ct. App. 1993). Such changes are not material if they were contemplated by the parties at the time of divorce. *Seal v. Seal*, 802 S.W.2d 617, 620 (Tenn. Ct. App. 1990). A change is considered substantial if it has a significant impact on either the recipient's need or the obligor's ability to pay. *Bogan*, 60 S.W.3d at 728. A material change in circumstances is one that is "unforeseeable, unanticipated, or not within the contemplation of the parties at the time of the decree." *Gentry v. Gentry*, No. M2007-

-3-

00876-COA-R3-CV, 2008 WL 275881, at *1 (Tenn. Ct. App. Jan. 31, 2008) (citing *Bogan*, 60 S.W.3d at 728).

Once the petitioner establishes a substantial and material change in circumstances, he or she must then demonstrate that a modification of the award is justified under the factors relevant to an initial award of alimony, particularly the receiving spouse's need and the paying spouse's ability to pay. *Bogan*, 60 S.W.3d at 730. Those factors are found in Tenn. Code Ann. § 36-5-121(i). Where there has been a change in circumstances, "the ability of the obligor spouse to provide support must be given equal consideration to the obligee spouse's need." *Gentry*, 2008 WL 275881, at *2 (citing *Bogan*, 60 S.W.3d at 730).

Parkinson's disease

Husband argues that the trial court erred in failing to find that his Parkinson's disease constituted a substantial and material change of circumstances. The trial court made the following findings and conclusions regarding Husband's diagnosis:

Petitioner has submitted evidence that he was diagnosed in January 2009 with Parkinson's disease. He is being treated by Dr. Chenk Sengun, a neurologist who specializes in movement disorders and Parkinson's disease at the University of Miami. Dr. Sengun testified by deposition (Ex. 1) that Petitioner is in the early stages of the disease and described the progressive nature of the disease and the therapy and drug regime being used to attempt to slow the progression. During the course of Petitioner's testimony in this proceeding, the Court personally observed the physical manifestations of the disease that were described by Dr. Sengun. While the evidence does not show that the disease has had a significant and substantial impact on Petitioner's overall income, if it continues to progress and the expenses associated with its treatment continue to increase, it is certainly foreseeable that Petitioner will sustain a substantial and material change of circumstances justifying a modification of his alimony obligation. However, the Court is unaware of any authority that permits the Court to grant a modification based on a projected or anticipated future change of circumstances.

We agree with Husband that his diagnosis with Parkinson's disease is material in that it occurred after the entry of the divorce decree and was not anticipated by the parties. *See Bogan*, 60 S.W.3d at 728. To be substantial, a change must significantly affect "the obligor's ability to pay or the obligee's need for support." *Id.* Husband argues that Parkinson's disease "adversely affects his ability to earn a living." The evidence of record does not, however, support that assertion. It is significant that Husband was not diagnosed with

Parkinson's disease until January 2009. The hearing in this case occurred in November 2009, and Husband testified that his earnings from his law practice had been only $65,000 through September 2009. Husband relies on this testimony regarding his income from one source and for only part of the year. There was no proof as to Husband's income from other sources, including investments, from which he had received substantial income in previous years. It is also relevant that, at the time of the hearing, Husband had applied for the position of United States Attorney and testified that he thought he could perform that job. The evidence does not preponderate against the trial court's finding that the evidence did not show "a significant and substantial impact on Petitioner's overall income."

The determination as to whether there has been a substantial and material change of circumstances is within the discretion of the court. *Id.* at 727. We conclude that the trial court did not abuse its discretion in concluding that Husband's new diagnosis did not constitute a substantial and material change of circumstances.

Husband's income

Husband further argues that the trial court erred in failing to find a substantial and material change of circumstances based upon his alleged decreased income since the divorce. The trial court made the following pertinent findings:

> Petitioner has presented tax returns and other evidence to show that his income from his law practice has decreased since the divorce. Petitioner has testified that the decrease is due to general economic factors, changes in the Worker's Compensation Law, and the effects of Parkinson's disease. The Court is satisfied that his testimony is true. However, this Court is not so much concerned with a reduction in income from one source as it is concerned with whether Petitioner has sustained a significant change in his income from all sources. His tax returns (Exs. 33-35) reflect an average annual adjusted gross income for tax purposes of $145,576 for the three years prior to the divorce. The Petitioner's tax returns for the year of the divorce and the three years following the divorce (Exs. 36-39) show an average annual adjusted gross income (before deduction of his alimony obligation) of $147,713. Petitioner may have sustained a decrease in his earnings from his law practice since the divorce, but there has not been a significant decrease in his overall income. (The Court is cognizant that Petitioner and Respondent filed joint tax returns for 2002 and 2003 and that Petitioner and his new wife filed a joint tax return in 2008. Petitioner has not claimed that his remarriage has created a change in circumstances. And the Court finds that including the income of

Petitioner's new wife does not significantly impact the Court's findings regarding substantial and material change of circumstances.)

In his brief and at oral argument, Husband challenged the trial court's calculations concerning his average earnings since the divorce. The trial court's post-divorce four-year-average figure of $147,713 does appear to be based upon adjusted gross income (before deducting alimony) of $215,797 for 2008, a figure that appears to include income from Husband's new wife. The trial court made a specific finding that inclusion of the new wife's income did not "significantly impact" its findings regarding whether there had been a substantial and material change of circumstances. Adding alimony back in to Husband's own figure for adjusted gross income for 2008 (Exhibit 53) yields a 2008 income figure of $206,103, as Husband acknowledged on cross-examination at the hearing. The four-year-average adjusted gross income based upon this 2008 figure would be $143,872.75. Husband testified that his new wife's gross income was "probably $52,000 a year." There is nothing in the record to correlate this gross income figure with the 2008 adjusted gross income tax figures. The evidence does not preponderate against the trial court's decision to rely upon the tax return figures for adjusted gross income.[1]

In his brief, Husband asserts, without explanation, that his average yearly income since 2005 was $122,000. Since Husband criticizes the trial court for failing to consider his reduced earnings from 2009, we surmise that he used the income figure of $65,000, the amount of net earnings from his law practice through September 2009, for 2009. As previously discussed, Husband did not put on any proof regarding other income from 2009. We find no error in the trial court's decision to consider only those years for which there was complete income information.

The evidence does not preponderate against the trial court's finding that there had "not been a significant decrease in [Husband's] overall income." Accordingly, we find no abuse of discretion in the trial court's determination that changes in Husband's income did not constitute a substantial and material change of circumstances.

Wife's needs and earning capacity

Husband's argument here is that the trial court failed to consider wife's needs and earning capacity in its determination. He asserts that Wife overestimated her monthly expenses and could have gotten a job as a teacher in the local school system with a salary of

---

[1]Even if we subtract $50,000 from the adjusted gross income figure for 2008, the four-year-average adjusted gross income would be $133,796.

$35,000 plus benefits. In its decision, the trial court expressly considered Wife's needs and income:

> Respondent's income and expenses are relevant to whether there has been a significant and material change of circumstances since the granting of the divorce. Respondent last worked full-time in 1990 when she was a Special Education teacher. At the time of the divorce, she was working at Curves and earning $400 per month. She currently works as a substitute teacher for Marion County Schools at approximately $300 per month. Her only other source of income is the periodic alimony received from Petitioner. Petitioner offered evidence that Respondent could return to a full-time position as a Special Education teacher at a salary of more than $30,000 for 10 months work. The MDA of the parties provides that Respondent can earn $36,000 per year without that being a change of circumstances for purposes of modification. Respondent submitted a list (Ex. 4) showing her average monthly expenses total approximately $4,500. . . . There is no significant change in Respondent's income or her needs . . . .

Husband relies upon checks, records of cash deductions, and other documents to argue that Wife exaggerated her monthly expenses. This is largely a credibility determination, and we accord great deference to the trial court's acceptance of Wife's expense statement. *See Larsen-Ball v. Ball*, 301 S.W.3d 228, 235 (Tenn. 2010). Moreover, as noted by the trial court, the parties' agreement expressly allows Wife to make up to $36,000 a year without constituting a substantial and material change of circumstances. The evidence does not preponderate against the trial court's conclusion that there had been no significant change in Wife's needs or income.

Separate assets

Husband also asserts that "the separate assets of each party . . . weigh strongly in favor of modifying Husband's alimony obligation." He argues that the trial court "failed to consider the elements of Tenn. Code Ann. § 36-5-121 in comparing the respective parties' financial well-being."

The factors found in Tenn. Code Ann. § 36-5-121(i) are to be considered once the petitioner establishes a substantial and material change in circumstances. *Bogan*, 60 S.W.3d at 730. In this case, the trial court did not find a substantial and material change of circumstances. Therefore, the statutory factors arguably did not come into play. Moreover, "the two most important considerations in modifying a spousal support award are the

financial ability of the obligor to provide for the support and the financial need of the party receiving the support." *Id.*

Furthermore, contrary to Husband's contention, the trial court did consider the parties' respective financial conditions. The trial court made the following pertinent findings:

> At the time of the divorce, Petitioner owned a one-half interest in a partnership called Scenic Investors. The Marital Dissolution Agreement provided that Respondent would receive one-half of Petitioner's interest in Scenic Investors. Following the divorce, Scenic Investors, a real estate partnership then consisting of Petitioner, Respondent and Phil Roland, was dissolved with Petitioner buying out the other two partners. The process of dissolution was initiated by Petitioner. Petitioner borrowed $95,000 to complete that transaction. Respondent received $360,000 from the dissolution. Income received by the Respondent from the sale of the asset awarded to her in the divorce does not qualify as a change of circumstances.

> Petitioner showed a net worth of $645,000 right after the divorce (Ex. 50). He has asserted that he has had an increase in debt since the divorce. This would include the $95,000 borrowed to purchase Respondent's interest in the partnership. The evidence shows he claimed to have a net worth right before filing the Petition to Modify of $1.3 million (Ex. 52), or approximately double the amount of his net worth right after the divorce. The Court finds that the $95,000 in debt does not constitute a substantial change of circumstances.

The trial court subsequently noted that Wife "submitted financial statements (Exs. 11 and 12) showing her net worth at $769,551.73 after the divorce and at $754,642.00 currently." The court found no significant change in Wife's net worth.

The evidence does not preponderate against the trial court's factual findings, and the trial court acted within its discretion in finding no substantial and material change of circumstances.

## Public policy argument

Husband also asserts that "it is against public policy that Wife should continue to enjoy the same standard of living, or greater, than she enjoyed during the marriage while Husband continues to incur debt to meet his alimony obligation." We find no merit to this argument. The relevant inquiry is whether there has been a substantial and material change of circumstances, and this inquiry must focus on Husband's ability to pay and Wife's needs. As discussed above, these issues were thoroughly addressed by the trial court, and we find no abuse of discretion in the trial court's conclusion. Furthermore, Husband's assertions regarding his need to incur debt to pay alimony are not convincing, particularly in light of his lifestyle. The record contains evidence that, in 2008, Husband made substantial political contributions (over $5,000) and gifts to a fraternity ($4,000), took several expensive vacations, dined at numerous expensive restaurants (at least $4,800), and bought a new car.

## ATTORNEY FEES

Husband's final argument is that the trial court abused its discretion in awarding Wife attorney fees and discretionary costs. He asserts that this ruling conflicts with Tenn. Code Ann. §§ 36-5-121(d)[2] and 36-5-103 and that the trial court had no authority to award attorney fees in this case.

Husband's argument focuses on Tenn. Code Ann. § 36-5-103(c), which provides as follows:

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

Relying on language in *Evans v. Evans*, M2002-02947-COA-R3-CV, 2004 WL 1882586, at *13 (Tenn. Ct. App. Aug. 23, 2004), Husband asserts that Tenn. Code Ann. § 36-5-103(c)

---

[2]Tenn. Code Ann. § 36-5-121(d) authorizes a court to award various types of alimony, including alimony in solido, which may be used to cover attorney fees. Courts often award attorney fees in the form of alimony in solido at the time of the original divorce decree.

did not authorize the trial court to award attorney fees in this case because Husband filed an action to modify alimony, whereas the statute refers to actions to compel compliance with existing support orders.

Our analysis in *Evans* supports the trial court's award of attorney fees in this case. Recognizing that our courts have treated post-divorce modification proceedings as a continuation of the original divorce proceedings, we concluded that "ample authority exists to authorize a court to award fees in a modification proceeding on the same basis, and according to the same principles, as a fee award is made in the divorce proceeding and initial award under . . . Tenn. Code Ann. § 36-5-101." *Id.* at *15; *see also Richards v. Richards*, No. M2003-02449-COA-R3-CV, 2005 WL 396373, at *13-14 (Tenn. Ct. App. Feb. 17, 2005).

We conclude that the trial court had authority to award attorney fees to Wife in this case.

Husband further argues that the trial court abused its discretion in awarding Wife attorney fees because she had adequate assets to pay her own attorney fees and Husband had to borrow money to meet his alimony obligations. The trial court heard extensive proof concerning the financial condition of the two parties and was able to assess their credibility. We find no abuse of discretion in the trial court's decision to award Wife a portion of the attorney fees she requested in this case.[3]

We decline Wife's request for an award of her attorney fees on appeal based on Tenn. Code Ann. § 27-1-122 as we do not consider Husband's appeal frivolous.

CONCLUSION

We affirm the trial court's decision in all respects. Costs of appeal are assessed against Husband, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

---

[3]Wife requested a total of $32,118.82 in attorney fees and $1,032.30 in discretionary costs. The trial court awarded Wife $16,059.41 in attorney fees and all of the requested discretionary costs.